IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE LUCILLE FLOWERS a.k.a. EVANGELIST KIMMONS<br>        Plaintiff,<br><br>    vs.<br><br>COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; SHERIFF JOHN MCGINNESS individually and in official capacity as Sheriff of the Sacramento County Sheriff's Department; DEPUTIES MARSDEN, MARING, and DOES I through XXX, inclusive,<br><br>        Defendants.<br>_____/ | No. 2:11-cv-00185-MCE-KJN PS<br><br><br><br><br><br><br><br><br><br><br><br>ORDER |

Plaintiff, Jeannette Lucille Flowers, a.k.a. Evangelist Kimmons, (the "plaintiff") is proceeding without counsel.[1] She filed a complaint (the "Complaint") on January 20, 2011, alleging a violation of, among other things, her constitutional rights to equal protection and due process, false arrest and use of excessive force, negligence, assault, battery, and negligent and intentional infliction of emotional distress, all arising from her arrest and detention "by Officers

---

[1] This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(b)(21).

1

1  of the Sacramento County Sheriff's Department." (Complaint, Dkt. No. 1.)  Simultaneously,
2  plaintiff filed an in forma pauperis application. (Dkt. No. 2.)  For the reasons stated below, the
3  undersigned grants the application to proceed in forma pauperis, but dismisses the complaint
4  without prejudice.  Plaintiff will be granted leave to file an amended complaint.

I.    <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (Dkt. No. 2.)  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

II.   Screening of the Complaint

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031,

1  1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has
2  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
3  reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v.
4  Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at
5  1949). The court accepts "all facts alleged as true and construes them in the light most favorable
6  to the plaintiff." County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1241 n.1 (9th Cir.
7  2009). The court is "not, however, required to accept as true conclusory allegations that are
8  contradicted by documents referred to in the complaint, and [the court does] not necessarily
9  assume the truth of legal conclusions merely because they are cast in the form of factual
10 allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must
11 construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a
12 plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it
13 appears at all possible that the plaintiff can correct the defect. See Lopez, 203 F.3d at 1130-31.
14         Upon review of the complaint, the undersigned will dismiss the complaint for
15 failure to comply with the pleading standards described above. However, plaintiff will be
16 granted leave to file an amended complaint.
17         The federal civil cover sheet filed by plaintiff indicates that she is suing
18 defendants for a violation of her civil rights pursuant to 42 U.S.C. § 1983. (Complaint, Dkt. No.
19 1, Document No. 1-1.) Plaintiff alleges that she is a "prominent black evangelist minister" in
20 Sacramento who had a "ministry at the Sacramento Main Jail" for "some 15 years." (Complaint,
21 ¶¶ 14-15.) She alleges that, "[a]s a result of her ministry" she "became aware over the years of
22 systemic human rights abuses taking place in the jail and in an attempt to curtail these abuses
23 became vocal." (Id., ¶ 16.) She alleges that she "rose within the ranks of the NAACP to chair
24 the Legal Redress Committee" and was placed upon "internal citizen review committees" to help
25 end abuses within the jail. (Id., ¶ 17.)
26         Plaintiff alleges that "coinciding" with her "increased activity promoting civil

3

rights within the jail," she began to "see herself being treated with increasing hostility by jail personnel." (Id.)  Then, while plaintiff was "dropping off her elderly mother at the jail to visit an incarcerated family member," plaintiff was "detained," by "officers from the Sacramento County Sheriff's Department," and arrested, allegedly "without probable cause." (Id., ¶¶ 18, 33.) Plaintiff alleges that during her arrest, "without justification," she was "thrown to the ground, had a knee thrust into her back and her arms wrenched." (Id., ¶¶ 20, 33.)  Plaintiff alleges that her arrest was "false," and that she suffered a battery and required "multiple surgeries" as a result. (Id., ¶¶ 18-21.)

Plaintiff alleges that the events surrounding her arrest "were at least in part due to what the law enforcement officers and jailers perceived to be Plaintiff's role as a black minister and civil rights advocate." (Id., ¶ 20.)  Plaintiff also alleges that those events "were at least in part due to what the Deputies perceived as Plaintiff's race and her work as a prominent black civil rights advocate." (Id., ¶ 25.)  Plaintiff alleges that defendant Sheriff McGinness and defendant County of Sacramento are liable for her injuries because they have allowed a "pattern, practice, or custom" whereby deputies "summarily punish" those who "question or somehow fail the Deputies' 'attitude test'", and a policy of deliberate indifference and hostility to those "community leaders" who "advocate for" the rights of inmates. (Id., ¶ 22-23.)

Plaintiff alleges that she has suffered emotional distress arising from the incident, from the subsequent criminal prosecution against her, from "witnessing her elderly mother battered in front of her," and from defendants' failure to provide for her "medical and psychological needs" while she was in their custody. (Id., ¶¶ 57, 61.)

These allegations do not provide sufficient notice of the conduct that forms the basis of plaintiff's claims for relief.  First, it is unclear whether plaintiff is alleging that her arrest took place on December 28, *2009* or December 28, *2010*.  (Compare Complaint, ¶ 3 with ¶ 18.)

Most importantly, however, is the fact that plaintiff has failed to allege how some of the named defendants—defendants Marsden and Maring—were personally involved in

allegedly violating her rights. Plaintiff has the responsibility to allege facts to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Because plaintiff does not make any factual allegations as to these defendants, she cannot proceed against these defendants unless she cures these deficiencies in an amended complaint.

Plaintiff also fails to specify, in factual terms, what "medical and psychological needs" she had while she was in defendants' custody and how those needs allegedly went unmet. (Complaint, ¶¶ 57, 61.) The court does "not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).

Based on the foregoing, the undersigned will dismiss plaintiff's complaint. However, plaintiff will be granted leave to file an amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein. Lopez, 203 F.3d at 1126-27 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, she shall clearly set forth the allegations against each such defendant.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment the original pleading no longer performs any function and is "treated thereafter as non-existent." Id. "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." New York City Employees'

5

Retirement System v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

Finally, the undersigned cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 7) is granted;

2. Plaintiff's complaint is dismissed with leave to amend; and

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that is complete in itself. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: March 10, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE