IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANETTE LUCILLE FLOWERS
a.k.a. EVANGELIST KIMMONS
    Plaintiff,

vs.

COUNTY OF SACRAMENTO;
SACRAMENTO COUNTY SHERIFF'S
DEPARTMENT; SHERIFF JOHN
MCGINNESS individually and in official
capacity as Sheriff of the Sacramento
County Sheriff's Department; DEPUTIES
MARSDEN, MARING, and DOES I
through XXX, inclusive,

    Defendants.
                               /

No. 2:11-cv-00185-MCE-KJN PS

ORDER

        Plaintiff Jeannette Lucille Flowers a.k.a. Evangelist Kimmons (the "plaintiff") is proceeding without counsel and in forma pauperis.[1] (Dkt. No. 3.) She filed a complaint on January 20, 2011, alleging, among other things, a violation of her constitutional rights to equal protection and due process, false arrest and use of excessive force, negligence, assault, battery, and negligent and intentional infliction of emotional distress, all arising from her arrest and

---

[1] This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

detention "by Officers of the Sacramento County Sheriff's Department." (Dkt. No. 1.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

The undersigned previously screened plaintiff's original complaint and dismissed it without prejudice pursuant to 28 U.S.C. § 1915. (Dkt. No. 3.) Plaintiff has since filed a First Amended Complaint, which is the operative pleading. (Dkt. No. 4.) The undersigned cannot conclude on the present record that plaintiff's First Amended Complaint fails to state potentially cognizable claims on which relief can be granted. The undersigned reserves decision on plaintiff's claims until the record is sufficiently developed, and this order in no way precludes defendants from challenging plaintiff's First Amended Complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading. Accordingly, the undersigned will order service of the First Amended Complaint on all defendants.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Service of plaintiff's First Amended Complaint is appropriate for the following defendants: County of Sacramento; Sacramento County Sheriff's Department; Sheriff John McGinness individually and in his official capacity as Sheriff of the Sacramento County Sheriff's Department; Deputy Marsden; and Deputy Maring.

2.	The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

3.	The Clerk of Court shall send plaintiff five USM-285 forms, one summons, an endorsed copy of the First Amended Complaint filed April 11, 2011 (Dkt. No. 4), this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

4.	Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a.	One completed summons;

    b.	One completed USM-285 form for each defendant to be served;

    c.	A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d.	A copy of this court's scheduling order and related documents for each defendant to be served; and

5.	Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*.

6.	The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

7.	The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

////

8. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: May 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE