IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE LUCILLE FLOWERS<br>a.k.a. EVANGELIST KIMMONS<br>　　　　Plaintiff, | No. 2:11-cv-00185-MCE-KJN PS |
| 　　vs. | |
| COUNTY OF SACRAMENTO; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; SHERIFF JOHN MCGINNESS individually and in official capacity as Sheriff of the Sacramento County Sheriff's Department; DEPUTIES MARSDEN, MARING, and DOES I through XXX, inclusive, | |
| 　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | ORDER |

　　　　Plaintiff Jeanette Lucille Flowers a.k.a. Evangelist Kimmons (the "plaintiff") is proceeding without counsel and in forma pauperis.[1] (Dkt. No. 3.) She filed a complaint on January 20, 2011, alleging a violation of, among other things, her constitutional rights to equal protection and due process, false arrest and use of excessive force, negligence, assault, battery, and negligent and intentional infliction of emotional distress, all arising from her arrest and

---

[1] This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

1  detention "by Officers of the Sacramento County Sheriff's Department." (Dkt. No. 1.) In an
2  order dated March 10, 2011, the undersigned granted plaintiffs' application to proceed in forma
3  pauperis. (Dkt. No. 3.)
4      In an order dated May 5, 2011, the undersigned ordered the service of plaintiff's
5  complaint on all defendants. (Dkt. No. 5.) That order directed the Clerk of Court to send certain
6  materials to plaintiff in relation to service of his complaint, and the Clerk of Court did so on May
7  5, 2011. (Dkt. No. 6.) The court's order listed the various documents plaintiff would need to
8  provide to the U.S. Marshal in order to effectuate service. (Dkt. No. 5 at 3.) The order also
9  provided that: "*Plaintiff shall supply the United States Marshal, within 30 days from the date this*
10 *order is filed, all information needed by the Marshal to effectuate service of process, and shall,*
11 *within 10 days thereafter, file a statement with the court that such documents have been*
12 *submitted to the United States Marshal.*" (Id. (emphasis in original).) The order also stated that
13 "Plaintiff's failure to comply with this order may result in a recommendation that this action be
14 dismissed." (Id. at 4.)
15     As of the date of this order, plaintiff has not filed the required statement notifying
16 the court that she timely submitted the required service documents to the United States Marshal.
17 Plaintiff's failure to comply with the court's order and prosecute her lawsuit are grounds for
18 dismissal. See Fed. R. Civ. P. 41(b); Local Rules 110 ("Failure of counsel or of a party to
19 comply with these Rules or with any order of the Court may be grounds for imposition by the
20 Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
21 Court."), 183(a) (providing that a party proceeding without counsel is "is bound by the Federal
22 Rules of Civil or Criminal Procedure, these Rules, and all other applicable law," and that failure
23 to comply with these authorities "may be ground for dismissal, judgment by default, or any other
24 sanction appropriate under these Rules"); see Hells Canyon Preservation Council v. U.S. Forest
25 Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant
26 to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or

1  comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53
2  (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for
3  dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the
4  same rules of procedure that govern other litigants.").

5         Accordingly, IT IS HEREBY ORDERED that:

6         1.  On or before July 6, 2011, if she has not already done so, plaintiff shall
7  supply the United States Marshal all information needed by the Marshal to effectuate service of
8  process as described in the court's order dated May 5, 2011.  (Dkt. No. 5.)  Also, on or before
9  July 6, 2011, plaintiff shall file a statement with the court that such documents have been
10 submitted to the United States Marshal.

11        2.  On or before July 6, 2011, plaintiff shall file a written statement explaining
12 her failure to timely follow the court's order dated May 5, 2011 (Dkt. No. 5) and showing good
13 cause why her lawsuit should not be dismissed for failure to prosecute and failure to comply with
14 the court's order.

15        3.  Plaintiff's failure to comply with this order may result in the imposition
16 of sanctions which may include a recommendation that this action be dismissed for lack of
17 prosecution.  See Fed. R. Civ. P. 41(b).

18        IT IS SO ORDERED.

19 DATED: June 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE