IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANETTE LUCILLE FLOWERS
a.k.a. EVANGELIST KIMMONS,

        Plaintiff,                    No. 2:11-cv-00185-MCE-KJN PS

   vs.

COUNTY OF SACRAMENTO;
et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff Jeannette Lucille Flowers a.k.a. Evangelist Kimmons (the "plaintiff") is proceeding without counsel and in forma pauperis.[1] Upon granting plaintiff's application to proceed in forma pauperis and performing its screening function, the court ordered the United States Marshals Service to serve process on certain defendants in this action, including the Sacramento County Sheriff's Department, pursuant to Federal Rule of Civil Procedure 4 and without the prepayment of costs. (<u>See</u> Dkt. No. 5 at 2-3.)

        On October 31, 2011, the United States Marshals Service, Civil Division ("Marshal") requested reimbursement of its expenses incurred in connection with its personal

---

[1] This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

service on "Defendant: Sacramento County Sheriff's Department." (Dkt. No. 17.) The Marshal filed a request for reimbursement of service fees (Dkt. No. 17) and a form USM-285, Process Receipt and Return (Dkt. No. 16) in connection with service of the Sacramento County Sheriff's Department. The form USM-285 indicates that the Marshal mailed a waiver of service to the Sacramento County Sheriff's Department on October 5, 2011, and that no executed waiver was returned. (Id.) As a result, the Marshal effectuated personal service on the Sacramento County Sheriff's Department on October 20, 2011. (Id.) The Marshal has indicated that it incurred a total of $55.00 in costs related to personal service on the Sacramento County Sheriff's Department. (Id.)

The Marshal is not entitled to the costs sought. Federal Rule of Civil Procedure 4(d) provides, in relevant part:

> **(d) Waiving Service.**
>
> **(1) Requesting a Waiver.** An individual, corporation, or association that is subject to service **under Rule 4(e), (f), or (h)** has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. . . .
>
> **(2) Failure to Waive.** If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> **(A)** the expenses later incurred in making service; and
>
> **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2) (emphasis added). The Sacramento County Sheriff's Department is not an "individual, corporation, or association" subject to service under "Rule 4(e), (f), or (h)" and is therefore not encompassed by the "waiver" portion of Rule 4. Id. Instead, a county sheriff's department is more properly subject to service under Rule 4(j)(2) as "a state, municipal corporation, or any other state-created governmental organization." Moreover, as the Advisory Committee Notes to the 1993 Amendment to Rule 4(d) indicate,

2

       The request for waiver of service may be sent only to defendants subject to service under subdivision (e), (f), or (h). The United States is not expected to waive service for the reason that its mail receiving facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice. The same principle is applied to agencies, corporations, and officers of the United States and to other governments and entities subject to service under subdivision (j).

       Under the above-described authorities, because the Sacramento County Sheriff's Department is not subject to service under "Rule 4(e), (f), or (h)," and was not subject to the "waiver" provisions of Rule 4(d), the Sacramento County Sheriff's Department need not pay "expenses later incurred" after a "failure to waive" service. Fed. R. Civ. P. 4(d)(2).

       Accordingly, IT IS HEREBY ORDERED that:

       1.    The United States Marshals Service shall not be reimbursed for service of process upon the Sacramento County Sheriff's Department.

       2.    The Clerk of Court shall serve a copy of this order on the United States Marshals Service.

       IT IS SO ORDERED.

DATED: November 14, 2011

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE