IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANETTE LUCILLE FLOWERS
a.k.a. EVANGELIST KIMMONS
    Plaintiff,

vs.

COUNTY OF SACRAMENTO;
et al.,

    Defendants.

No. 2:11-cv-00185 KJN

<u>ORDER</u>

        Plaintiff Jeannette Lucille Flowers a.k.a. Evangelist Kimmons (the "plaintiff") is proceeding without counsel and in forma pauperis.[1] The parties previously participated in an early settlement conference before the undersigned, and during the conference the parties agreed to settle this matter.

        Defendants have previously requested, and were granted, additional time to file dispositional documents, due to a delay in determining whether a lien is being asserted on the proceeds from the settlement. (Request, Dkt. No. 37.)

        Defendants have now renewed that same request and seek an additional 60 days in which to file dispositional documents. (Request, Dkt. No. 41.) Defendants explain that:

---

[1] This case proceeds before the undersigned as a result of the parties' consent to the jurisdiction of the magistrate judge. (Order, May 22, 2012, Dkt. No. 26.)

1

      In the interest of complying with the parties' Medicare Secondary Payer obligations pursuant to 42 U.S.C. § 1395 et seq., plaintiff was given forms by defendants' representatives at the Early Settlement Conference authorizing defendants' Medicare Compliance Specialists, Gould & Lamb, LLC, to contact Medicare in order to determine the existence of a lien.

      Gould & Lamb submitted the necessary documentation to the Medicare Secondary Payment Recovery Contractor ("MSPRC") in September 2012 in order to determine whether a lien is being asserted on the settlement proceeds. Defense Counsel and George Hills Company, COUNTY OF SACRAMENTO's Third Party Claims Administrator, have followed up with Gould & Lamb several times in the past few weeks to determine the status of a Medicare lien. Unfortunately, MSPRC has not yet responded to Gould & Lamb's request for lien information. Defense counsel has been informed that MSPRC typically takes 65 days to respond to requests for lien information, and anticipates that a lien amount will be determined at any time.

      Plaintiff indicated that she would contact Medicare and request a final lien letter, but to defense counsel's knowledge, plaintiff has not received anything from MSPRC.

      Defendants submit that the delay in receiving lien information from MSPRC is a widespread problem, as indicated by the passing of the Smart Act (HR 1845) in the U.S. House of Representatives this past week. The Smart Act is designed to improve the efficiency of the Medicare Secondary Payer system by requiring the Center for Medicare and Medicaid Services to streamline its process, reducing costly delays in settling claims.

(Request, Dkt. No. 41 at 2-3.)  Accordingly, IT IS HEREBY ORDERED that:

      Pursuant to defendants' request (Dkt. No. 41), and finding good cause therefore, the undersigned hereby gives the parties an additional 60 days from the date of this order to submit dispositional documents.

      IT IS SO ORDERED.

DATED: January 3, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE