UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE LUCILLE FLOWERS a.k.a. EVANGELIST KIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO; et al.,<br><br>Defendants. | No. 2:11-cv-00185 KJN<br><br><br><br>ORDER |

Plaintiff Jeannette Lucille Flowers a.k.a. Evangelist Kimmons (the "plaintiff") is proceeding without counsel and in forma pauperis.[1]  Approximately eleven months ago, on August 24, 2012, the parties participated in an early settlement conference before the undersigned.  During the conference, the parties agreed to settle this matter.

Defendants thereafter requested, and were granted, additional time to file dispositional documents due to a delay in determining whether a lien is being asserted on the proceeds from the settlement of this case.  (Requests, ECF Nos. 37, 41, 43, 45.)

////

---

[1] This matter proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of the undersigned for all proceedings in this case (Order, May 22, 2012, ECF No. 26), including trial and entry of final judgment.  See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E.D. Cal. L.R. 301, 305.

1

1 After confirming that a lien *is* being asserted on the proceeds, but due to uncertainties as to that lien's final amount, defendants have renewed their request a fifth time and seek another additional 60 days in which to file dispositional documents. (Request, ECF No. 47.)

Defendants inform the court that they have been in contact with the Medicare Secondary Payment Recovery Contractor ("MSPRC") described in their prior requests, and MSPRC has identified $6,659.32 in conditional payments. (Id. at 2.) Defense counsel prepared an MSPRC Final Settlement Detail form and sent a copy of it, along with the proposed settlement agreement, to MSPRC in an attempt to have the demand amount reduced. (Id.) Thereafter, MSPRC sent a letter to plaintiff identifying $2,733.46 in conditional payments, and demanding that amount as final payment. (Id.) When defense counsel learned of that letter and attempted to contact plaintiff, he found her telephone number had been disconnected. (Id.) Defense counsel then sent a copy of the MSPRC letter to plaintiff's address of record, which differs from the address to which the MSPRC had previously delivered its letter. (Id.; Declaration of Michael Christensen ("Christensen Decl."), ECF No. 47-1 at ¶ 3.)

On June 30, 2013, plaintiff telephoned defense counsel and apologized for the delay. (ECF No. 47 at 3.) She indicated she was recovering from a recent back surgery. (Id.) She indicated that she had received the MSPRC letter that defense counsel forwarded to her, and she provided an updated telephone number. (Id.)

Thereafter, defense counsel mailed plaintiff another letter (Exh. A to Christensen Decl.), in which he explained to plaintiff how to contact MSPRC and request that the Medicare lien be reduced or waived. (Id.) Defense counsel also enclosed copies of plaintiff's medical records that might provide a basis for such request. (Id.) Upon receipt of this letter, plaintiff telephoned defense counsel on June 28, 2013, and informed him that she would send MSPRC a letter requesting that the lien be reduced or waived. (Id.)

The parties have now requested "another 60 days for plaintiff to contact MSPRC, receive a response regarding waiver or reduction of the lien, and dismiss this case." (Id.) Although the undersigned is troubled by the repeated requests for extensions and third party delays that have significantly stalled the closure of this case, it nevertheless appears that these delays have not

1  been the result of improper dilatory conduct by the parties themselves.  The parties appear to have
2  been diligently attempting to resolve the MSPRC issues and to put an end to this litigation.  The
3  representation that plaintiff "is going to send MSPRC a letter requesting that the lien be reduced
4  or waived" also suggests that the MSPRC-related delays are in their final stages, and the
5  undersigned is optimistic that this is so.

6  Nevertheless, it is worth clarifying that closure of this case is not clearly contingent upon
7  either party's satisfaction with the MSPRC's final lien amount.  This case has languished for
8  nearly a year since the settlement terms were agreed upon.  After this, the *fifth* requested 60-day
9  extension of the deadline to submit dispositional documents, the parties will have had time to
10 have requested a waiver or reduction of the lien amount.  If the MSPRC declines the requested
11 waiver or reduction, however, the undersigned may not look favorably on a request for yet
12 another extension to permit a party to make additional similar waiver/reduction inquiries with the
13 MSPRC.  Further requests for an extension will not be granted absent a compelling showing as to
14 why such extension is a *necessary precondition* to the closure of this case.

15 For all the foregoing reasons, IT IS HEREBY ORDERED THAT:

16 1.  Pursuant to defendants' request (ECF No. 47), and finding good cause therefore, the
17     undersigned hereby gives the parties an additional 60 days from the date of this order
18     to submit dispositional documents.

19 2.  As this represents the *fifth* 60-day extension of the deadline to submit dispositional
20     documents, further requests for an extension will not be granted absent a compelling
21     showing as to why such extension is a *necessary precondition* to the closure of this
22     case.

23 IT IS SO ORDERED.

24 Dated:  July 16, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE