UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE LUCILLE FLOWERS a.k.a. EVANGELIST KIMMONS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO; et al.,<br><br>Defendants. | No. 2:11-cv-00185 KJN<br><br><br>ORDER |

Plaintiff Jeannette Lucille Flowers a.k.a. Evangelist Kimmons (the "plaintiff") is proceeding without counsel and in forma pauperis.[1] More than one year ago, on August 24, 2012, the parties participated in an early settlement conference before the undersigned. During the conference, the parties agreed to settle this matter.

Defendants thereafter requested, and were granted, additional time to file dispositional documents due to a delay in determining whether a lien is being asserted on the proceeds from the settlement of this case. (Requests, ECF Nos. 37, 41, 43, 45, 49.)

////

---

[1] This matter proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of the undersigned for all proceedings in this case (Order, May 22, 2012, ECF No. 26), including trial and entry of final judgment. See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E.D. Cal. L.R. 301, 305.

After confirming that a lien *is* being asserted on the proceeds, but due to uncertainties as to that lien's final amount, defendants renewed their request a fifth time and sought another additional 60 days in which to file dispositional documents. (Request, ECF No. 47.)

Defendants informed the court that they have been in contact with the Medicare Secondary Payment Recovery Contractor ("MSPRC") described in their prior requests, and MSPRC has identified $6,659.32 in conditional payments. (Id. at 2.) Defense counsel prepared an MSPRC Final Settlement Detail form and sent a copy of it, along with the proposed settlement agreement, to MSPRC in an attempt to have the demand amount reduced. (Id.) Thereafter, MSPRC sent a letter to plaintiff identifying $2,733.46 in conditional payments, and demanding that amount as final payment. (Id.) When defense counsel learned of that letter and attempted to contact plaintiff, he found her telephone number had been disconnected. (Id.) Defense counsel then sent a copy of the MSPRC letter to plaintiff's address of record, which differs from the address to which the MSPRC had previously delivered its letter. (Id.; Declaration of Michael Christensen ("Christensen Decl."), ECF No. 47-1 at ¶ 3.)

On June 30, 2013, plaintiff's counsel telephoned defense counsel and apologized for the delay. (ECF No. 47 at 3.) She indicated she was recovering from a recent back surgery. (Id.) She indicated that she had received the MSPRC letter that defense counsel forwarded to her, and she provided an updated telephone number. (Id.)

Thereafter, defense counsel mailed plaintiff another letter (Exh. A to Christensen Decl.), in which he explained to plaintiff how to contact MSPRC and request that the Medicare lien be reduced or waived. (Id.) Defense counsel also enclosed copies of plaintiff's medical records that might provide a basis for such request. (Id.) Upon receipt of this letter, plaintiff telephoned defense counsel on June 28, 2013, and informed him that she would send MSPRC a letter requesting that the lien be reduced or waived. (Id.)

Most recently, plaintiff purportedly asked defendants' counsel for assistance in drafting a letter to MSPRC, and defense counsel drafted the letter, which plaintiff sent in late July or early August. (ECF No. 49 at 3.) The parties have now requested yet "another 60 days for plaintiff to receive a response from MSPRC as to whether the lien will stand, or will be reduced or waived."

(Id. at 3-4.)

The undersigned has previously explained that he is troubled by the repeated requests for extensions and third party delays that have significantly stalled the closure of this case (ECF No. 48 at 3), and he has also explained that it appears that these delays have not been the result of improper dilatory conduct by the parties themselves. However, this case has languished for more than a year since the settlement terms were agreed upon. With the parties' *sixth* requested 60-day extension of the deadline to submit dispositional documents, there has been sufficient time to have requested a waiver or reduction of the lien amount. Accordingly, whether or not the MSPRC responds to plaintiff's most recent letter within the next 60 days, **this will be the final extension given in this case.**

For all the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Pursuant to defendants' request (ECF No. 49), and finding good cause therefore, the undersigned hereby gives the parties a **final extension** of 60 days from the date of this order to submit dispositional documents.

2. If the MSPRC does not respond to plaintiff's letter within 60 days from the date of this order, the parties shall file a proposed order explaining as much and directing defendants to issue a single payment in the amount of $3,500.00, made payable to both plaintiff *and* Medicare, and shall order plaintiff to resolve the Medicare lien with MSPRC.

IT IS SO ORDERED.

Dated: September 19, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3